UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY MASTERSON, et al.,<br>Plaintiffs,<br>v.<br>COUNTY OF ALAMEDA, et al.,<br>Defendants. | Case No. 19-cv-01625-PJH<br><br>**ORDER DENYING IN PART AND GRANTING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 62 |

Defendants County of Alameda ("the County"), Gregory J. Ahern, Carol Burton, Bobbie Cook, Kim Curtis, Hayley Holland, Nicholas Lagorio, and Joshua Pape's (together, the "County Defendants") motion to dismiss came on for hearing before this court on November 20, 2019. Plaintiffs appeared through their counsel, Jamie Goldstein. Defendants appeared through their counsel, Denise Billups-Slone and Amy Rothman. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows, for the following reasons and for the reasons stated at the hearing.

## BACKGROUND

This lawsuit is brought by the survivors of Logan Masterson (the "decedent"), who committed suicide while an inmate at the Santa Rita Jail. The court has previously recounted the factual allegations in some detail in an order granting an earlier motion to dismiss. See Dkt. 59.

The decedent was arrested for "various charges" and brought to Santa Rita Jail on April 4, 2018. He was initially placed in a safety cell on suicide watch, but suicide watch

was discontinued, and he was moved to an isolation cell. He remained in the isolation cell until his self-inflicted hanging death on April 6, 2018.

Plaintiffs Tiffany Masterson (in her personal capacity, and as executor of decedent's estate), and her minor children, Bentley, Bella, Hailey, and Chloe Masterson (through their respective guardians ad litem), assert eight claims against the County of Alameda; Sheriff Gregory Ahern; Deputy Nicholas Lagorio; Sergeant Joshua Pape; Carol Burton, Interim Director of the Alameda County Behavioral Health Care Services Agency ("BHCS"); Social Worker Kim Curtis; Therapist Hayley Holland; Therapist Bobbie Cook (Curtis, Holland, and Cook are the "BHCS Providers"); and the California Forensic Medical Group ("CFMG") and three of its nurses, Savitha Quadros, Jane Mwangi, and Melynda Logan (the three nurses are the "CFMG Providers").[1]

The operative causes of action asserted in the First Amended Complaint ("FAC") are: (1) 42 U.S.C. § 1983, Failure to Provide Medical Care in Violation of the Fourteenth Amendment (alleged against all defendants); (2) 42 U.S.C. § 1983, Failure to Protect from Harm in Violation of the Fourteenth Amendment (alleged against all defendants); (3) 42 U.S.C. § 1983, Deprivation of Substantive Due Process in Violation of the First and Fourteenth Amendments (alleged against all defendants); (4) medical malpractice under California law (alleged against County, Burton, BHCS Providers, CFMG, CFMG Providers, and Doe defendants); (5) failure to furnish medical care under California law (alleged against County, Ahern, Burton, Curtis, Cook, Holland, Lagorio and Pape); (6) negligent supervision under California law (alleged against County, Ahern, CFMG, and Doe defendants); (7) wrongful death under Cal. Code Civ. Proc. § 377.60 (alleged against all defendants); and (8) negligence under California law (alleged against all defendants). See generally FAC, Dkt. 60.

On August 30, 2019, the County Defendants moved to dismiss all claims to the

---

[1] This order does not address any claims asserted against any of the CFMG-related parties, as no motion is pending with respect to them.

1 extent they are asserted against them, other than claims 4 and 7.

## DISCUSSION

**A.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

**B.  Analysis**

The present motion seeks to dismiss all claims as to the County Defendants, other than claims 4 and 7.  The court addresses each.

**1.  Claims 1–3:  42 U.S.C. § 1983**

First, the County Defendants move to dismiss plaintiffs' § 1983 claims as asserted

3

against individuals Ahern and Burton in their official capacities as redundant. Second, the County Defendants move to dismiss plaintiffs' § 1983 claims against the County and Ahern and Burton in their individual capacities, based on plaintiffs' alleged failure to adequately plead that defendants are liable under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) for implementing impermissible policies or practices.

First, plaintiffs consent to dismissal of their first, second, and third causes of action to the extent they are pled against Ahern and Burton in their official capacities. As such, those claims pled against Ahern and Burton in their official capacities are DISMISSED.

Second, the court finds that plaintiffs' amended complaint adequately pleads causes of action under § 1983 against the County, Ahern in his individual capacity, and Burton in her individual capacity based on the alleged policies and practices. E.g., FAC ¶¶ 43–86. With respect to Ahern and Burton, defendants are incorrect when they argue that supervisors cannot be liable under § 1983 unless they have direct, personal interaction with the plaintiff. See, e.g., Starr v. Baca, 652 F.3d 1202, 1207–08 (9th Cir. 2011) ("a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates. . . . A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.").

### 2. Claims 5, 6, and 8: Species of Negligence

"[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care[.]" Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1183 (2003); accord Cal. Gov't Code § 815 ("Except as otherwise provided by statute . . . A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.").

Of the three negligence causes of action brought against the County that are

1  challenged here, only plaintiffs' fifth claim—for failure to furnish or summon medical
2  care—cites a statute allegedly creating a duty. See FAC ¶ 162. This failure is
3  emblematic of plaintiffs' more general failure to adequately plead their fifth, sixth, and
4  eighth causes of action as distinct claims. For example, there is little indication as to
5  which factual allegations support each claim, and therefore which actors are allegedly
6  liable for each species of negligence (and for which actions). In short, in addition to
7  inadequately pleading the necessary element of statutory duty for claims against a public
8  entity, the claims lack sufficient clarity to put defendants on notice of what conduct each
9  encompasses. (Relatedly, the court notes that plaintiffs have consented to dismissal of
10  their eighth cause of action as alleged against Burton, Curtis, Holland, and Cook.)

Defendants argue that plaintiffs are precluded from pleading alternative theories of liability based on a common set of facts because doing so is duplicative and improperly splits a claim. They argue that such alternative pleading constitutes improper claim-splitting, even though plaintiffs' claims are asserted together as theories of liability in a single case. Defendants' characterization of the claim-splitting doctrine is curious, and it is certainly unsupported by the authority they cite. This court will permit plaintiffs to plead theories of liability in the alternative at this stage of litigation.

Accordingly, the court hereby DISMISSES plaintiffs' fifth, sixth, and eighth causes of action as asserted against the County Defendants WITH LEAVE TO AMEND.[2]

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss

---

[2] All parties agree that, on amendment, plaintiffs will not seek punitive damages from the County. With respect to other defendants, the court notes that—contrary to defendants' arguments—"[i]n California, malice is the basis for assessing punitive damages for nonintentional conduct; that is, acts performed without intent to harm." Ford Motor Co. v. Home Ins. Co., 116 Cal. App. 3d 374, 381 (1981) ("Nonintentional conduct comes within the definition of malicious acts punishable by the assessment of punitive damages when a party intentionally performs an act from which he knows, or should know, it is highly probable that harm will result."); accord Angie M. v. Superior Court, 37 Cal. App. 4th 1217, 1228 (1995) ("malice does not require actual intent to harm"); see also Taylor v. Superior Court, 24 Cal. 3d 890, 895–96 (1979); Angie M. v. Superior Court, 37 Cal. App. 4th 1217, 1228 (1995); In re Yahoo! Inc. Customer Data Sec. Breach Litig., 313 F. Supp. 3d 1113, 1149 (N.D. Cal. 2018).

5

plaintiffs' first, second, and third causes of action as asserted against Ahern and Burton in their official capacities, and DENIES defendants' motion to dismiss plaintiffs' first, second, and third causes of action as asserted against the County, Ahern in his individual capacity, and Burton in her individual capacity. The court GRANTS defendants' motion to dismiss plaintiffs' fifth, sixth, and eighth causes of action WITH LEAVE TO AMEND, to correct the deficiencies explained in this order. Plaintiffs shall file any amended pleading on or before January 10, 202. Defendants must answer on or before January 31, 2020.

**IT IS SO ORDERED.**

Dated: December 11, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge