Elise R. Sanguinetti (SBN 191389)
Jamie G. Goldstein (SBN 302479)
**ARIAS, SANGUINETTI, WANG & TORRIJOS, LLP**
2200 Powell Street, Suite 740
Emeryville, California 94608
Telephone:     (510) 629-4877
Facsimile:      (510) 291-9742
elise@aswtlawyers.com
jamie@aswtlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY MASTERSON, individually and as Successor in Interest of the Estate of Logan Masterson, HAILEY MASTERSON, CHRISTY MEDINA as Guardian ad Litem for Minor Plaintiff BENTLEY MASTERSON, SUZETTE SMITH as Guardian ad Litem for Minor Plaintiff BELLA MASTERSON, CHRISTY MASTERSON as Guardian ad Litem for Minor Plaintiff CHLOE MASTERSON, | CASE NO. 19-cv-01625-PJH |
| Plaintiffs, | [~~PROPOSED~~] ORDER APPROVING MINOR'S SETTLEMENT OF PLAINTIFF CHLOE MASTERSON |
| vs. | **Date: May 27, 2021** |
| COUNTY OF ALAMEDA, GREGORY J. AHERN, in his individual and official capacity, DEPUTY NICHOLAS LAGORIO, SERGEANT JOSHUA PAPE, CAROL BURTON in her individual and official capacity as Interim Director of the Alameda County Behavioral Health Services Agency, KIM CURTIS, LCSW, HAYLEY HOLLAND, AMFT, BOBBIE COOK, MFT, CALIFORNIA FORENSIC MEDICAL GROUP, SAVITHA QUADROS, RN, JANE MWANGI, RN, MELYNDA LOGAN, RN and DOES 1-20, | **Time: 1:30 pm**  **Location: Via Zoom**   *Before the Hon. Phyllis J. Hamilton* |
| Defendants. | |

1    Plaintiff Chloe Masterson (the "minor"), by and through her Guardian ad litem

2    Christy Masterson, petitions this Court for an order approving the compromise of her claim

3    against all Defendants arising from the death of her father Logan Masterson. This matter

4    has been noticed for hearing on May 27, 2021. Upon having considered the plaintiffs'

5    moving papers, the relevant legal authorities, and the record in this case, the Court hereby

6    APPROVES the compromise of the minor's claim as the Court finds the settlement

7    reasonable and in the best interests of the minor.

8    Additionally, the Court orders as follows:

9    1.    Good cause shown, Plaintiff's counsel are approved for reimbursement of costs

10   advanced in the amount of $4,135.62 which represents plaintiff's share of costs.

11   2.    Good cause shown, attorneys' fees are approved in the amount of $\frac{\$141,259.31}{\$142,500.00}$,

12   which represents thirty percent (30%) of the minor plaintiff's share of the settlement.

13   3.    After deduction for the minor's share of costs and fees as set forth above, the minor

14   plaintiff will receive $\frac{\$329,605.07}{\$328,364.38}$.

15   4.    The remainder of the net settlement proceeds of $\frac{\$329,605.07}{\$328,364.38}$ are to be allocated

16   towards a settlement trust and future Periodic Payments.

17   5.    The amount of $\frac{\$154,605.07}{\$153,364.38}$ is to be placed in ~~the~~ a blocked trust. This portion includes a

18   $3,000 fee to initiate the opening of the trust. The trust will only be accessible for the needs

19   of the Plaintiff relative to her health, education, maintenance and support (of which would

20   fall outside of the guidelines of general parental obligations.)  Heather Fisher of Fisher

21   Fiduciary Services is to be appointed as the trustee to disburse and manage the trust funds.

22   At the age of 18, Plaintiff will have unrestricted access to the trust funds, however, may

23   elect to continue with the trust in place.

24   6.    Good cause shown, the Court approves future periodic payments as outlined below.

25   The current value or cost to Assignor to provide for the schedule of future periodic

26   payments is $175,000.00.  Disclosure of this cost has been required as a condition of

27   settlement.  No part of the cost being paid by Assignor to provide funding for the schedule

28

**ORDER**

of future periodic payments may be paid directly to Plaintiff or their attorneys, inasmuch as the parties negotiated for a structured settlement as being in the best interest of the minor, Chloe Masterson.  Assignor agrees to pay, or cause to be paid, future periodic payments according to the schedule as follows ("Periodic Payments"):

> To Chloe Masterson ("Payee"):

> $750.00 monthly, guaranteed 6 years, beginning on December 3, 2027. Last guaranteed payment on November 3, 2033.

> A single, guaranteed lump sum of $181,627.94 paid on December 3, 2033.

7.      Assignor will assign their obligation to make the Periodic Payments to Pacific Life & Annuity Services, Inc. ("Assignee") in accordance with Internal Revenue Code Section 130(c).  Assignor, itself or through its Assignee, will fund the liability to make the Periodic Payments through the purchase of an annuity policy from Pacific Life Insurance Company ("Annuity Issuer"), rated A+ XV by A.M. Best.  Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership.  Assignee may have Annuity Issuer mail payments directly to Payee.  Plaintiff(s) shall be responsible for maintaining a current mailing address for Payee with Assignee and Annuity Issuer.

8.      To fund the purchase of the Periodic Payments, Assignor will issue a check in the amount of $175,000.00 payable to Pacific Life & Annuity Services, Inc. (tax id# 91-2025652) and will execute the Qualified Assignment document as required by the Assignee and Annuity Issuer to issue policy.

9.      All guaranteed Periodic Payments are guaranteed whether or not Payee survives the payment schedule.  Any Periodic Payments to be made after the death of Payee shall be made to the estate of the Payee ("Beneficiary").  After the age of majority, Payee shall have the right to submit a request to change the Beneficiary by filing a written request with Assignee and Annuity Issuer.  The change will be effective when approved by both Assignee and Annuity Issuer.  Any change in Beneficiary shall not in any way affect or alter any provision of this agreement.

ORDER

10.     Upon payment of the settlement funds by Defendants, a stipulated dismissal pursuant to Federal Rule of Civil Procedure section 41(a)(1)(A)(ii), will be filed with the Court.

**IT IS SO ORDERED.**


Dated: April ~~14~~ 30, 2021                    /s/ Phyllis J. Hamilton

                                              HON. PHYLLIS J. HAMILTON

**ORDER**